(Decided th December, 1887.)

---

JAMES BROUMEL *vs.* WILLIAM S. RAYNER.

*Construction of Contract—Demurrer—Waiver of Antecedent stipulations—Measure of Damages—Independent stipulations.*

B. and R. having bought and partitioned between them certain land in Baltimore County near the limits of Baltimore City. entered into a contract to grade and pave certain streets named, and particularly designated on a plat prepared for the purpose. The time within which each street was to be graded and paved was provided for by a distinct and separate clause of the contract. One of these clauses contained the stipulation, that the parties should within six years grade and pave Lanvale Street from Florence Street to Jordan Street. There was a tacit waiver in regard to the other streets named in the contract. When the time limited for grading and paving Lanvale Street was about to expire R. announced his readiness to comply with the obligation imposed on him by the clause in the contract relating to this street, and required of B. performance of his part of said contract. B. refused, and R. then proceeded to grade and pave a portion of said street extending through his own property, the condition of this part being such that it had become a nuisance subjecting him to an indictment. When the work was done R. sued B. in *assumpsit* for the recovery of damages resulting from an alleged

breach of the contract. Besides the money counts, the declaration contained two other counts specially setting forth the contract, and alleging the breaches. A demurrer to these two counts was overruled, and a trial was had, which resulted in a verdict for the plaintiff. On appeal, it was HELD:

1st. That there was no error in overruling the demurrer.

2nd. That the mutual waiver of the antecedent stipulations in the contract did not impair the obligation of the stipulation sued on, there being nothing on the face of the contract making one stipulation a condition precedent to another.

3rd. That one-half of the amount expended by R. in putting a part of the street in good condition, by grading and paving it, was the proper measure of the damages he was entitled to recover from B.

Whether a contract must be sued on as an entirety, or is divisible, and can become the foundation of separate suits, for the infraction of independent stipulations, depends on its terms; and, in order to arrive at a correct construction, due regard must be had to the intention of the contracting parties, as revealed by the language employed, and the subject-matter to which it has reference.

On a failure to perform distinct and independent stipulations in a contract, there are as many causes of action as there are breaches.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, and BRYAN, J.

*Henry F. Garey,* for the appellant.

*B. Howard Haman,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The parties to this suit had bought a tract of land in Baltimore County, near the limits of Baltimore City, and had executed a deed of partition dividing this land between them. Wishing to improve the property thus divided, they

entered into a contract, dated 9th of November, 1874, in which they covenanted and agreed that they would grade and pave certain streets named and particularly designated on a plat prepared for the purpose.    These streets were to be graded and paved within specified and limited periods; or, in other words, one was to be graded and paved within a year, another within two years, and others within larger spaces of time named in distinct and separate clauses of said contract.    The clause sued on contains a stipulation that the parties shall, within six years, grade and pave Lanvale street from Florence street to Jordan street.    It seems that there was a tacit waiver of the stipulations in regard to the other streets named in the contract, as none of these streets were graded and paved, and there is no proof that as respects them either party ever demanded of the other a performance of the covenants contained in the contract.    But, when the time, limited for the grading and paving of Lanvale street was about to expire, the appellee, who was plaintiff below, announced his readiness to comply with the obligations imposed upon him by the clause in the contract relating to this street, and required of the appellant performance of his part of said contract.    The appellant refused to comply and the appellee then proceeded to grade and pave one-half of said street, the condition of which, as shown by the proof in this record, required such improvements to be made as speedily as possible.    Having done this much of the work the appellee instituted this action for the recovery of damages resulting from an alleged breach of the contract.

The plaintiff sued in *assumpsit*, and the declaration, besides the money counts, contained two other counts specially setting forth the contract and alleging the breaches.    These two counts were demurred to and the demurrer was overruled.    The case was submitted to the Court for determination without the intervention of a jury.    After the introduction of evidence by both parties, the Court was asked to pass

4                    v. 68.

upon certain legal propositions presented in the shape of prayers for instructions. The Court rejected all the prayers offered, and filed its own opinion as a proper presentation of the legal principles applicable to the questions in controversy. The verdict and judgment being for the plaintiff the defendant appealed.

If the opinion of the Court is correct the instructions asked for by the defendant were properly rejected, and there was no error committed in overruling the demurrer.

It is apparent that the Court was right in holding that the mutual waiver of antecedent stipulations did not impair the obligation of subsequent stipulations not waived, as there is nothing on the face of this contract which makes one stipulation a condition precedent to another. Whether a contract must be sued on as an entirety, or is divisible, and can become the foundation of separate suits for the infraction of independent stipulations depends on its terms; and in order to arrive at a correct construction due regard must be had to the intention of the contracting parties as revealed by the language which they have employed and the subject-matter to which it has reference. *Brewster & Spratt vs. Frazier,* 32 *Md.,* 302; *Ensworth vs. N. Y. Life Ins. Co.,* 1 *Flippin,* 92.

And undoubtedly the law is well settled in regard to the failure to perform distinct and independent stipulations. In such cases there are as many causes of action as there are breaches. *Dugan vs. Anderson,* 36 *Md.,* 567; *Williams vs. Hallett,* 2 *Sawy.,* 263; *Faw vs. Morstellar,* 2 *Cranch,* 24.

And in *Perkins vs. Hart,* 11 *Wheaton,* 250, WASHINGTON, J., said: "Where the agreement embraces a number of distinct subjects which admit of being separately executed and closed, it must be taken distributively, each subject being considered as forming the matter of a separate agreement after it is so closed."

In *Taylor vs. Laird,* 1 *Hurlst. & Nor.,* 274, POLLOCK, C. B., determined that when there is a contract for an entire ser-

vice, but the parties stipulate that payments for such service shall be made periodically in fixed sums, a failure to make any one of these payments may become the foundation for a suit. Thus it is manifest that many suits may grow out of one contract. This principle has been recognized in all of the States. *Cunningham vs. Morrell,* 10 *John.,* 203 ; *Tompkins vs. Elliott,* 5 *Wend.,* 496 ; *Bean vs. Atwater,* 4 *Conn.,* 4; *Weller vs. Henarie,* 13 *Pacific R.,* 614.

When the contract executed by the parties to this appeal is examined, it, at once, becomes apparent that it is divisible, and that its stipulations are independent of each other and must be taken distributively. The work on each street was to be performed at a different period. One street was to be graded and paved within two years, another within three, another within four ; and Lanvale street was to be graded and paved within six years from the date of the agreement.

The stipulation in the contract, in regard to the grading and paving of Lanvale street being independent of other stipulations relating to the improvement of other streets, it is clear that the plaintiff could have instituted and maintained an action founded on the refusal of the defendant to comply with the obligation imposed by this stipulation. But the plaintiff was compelled to grade and pave a portion of said street extending through his own property, because the condition of this part of the street was such that it had become a public nuisance and he was liable to an indictment. He expended a sum sufficient to put this part of the street in good condition by paving and grading, and the Court, sitting as a jury, allowed him, in damages, one-half of the amount of money so expended. The rule for the measurement of damages, thus adopted by the Court, was a sound one and sanctioned by adjudication. In *Wicker vs. Hoppock,* 6 *Wallace,* 94, the Supreme Court said :

"The general rule is that when a wrong has been done, and the law gives a remedy, the compensation should be

equal to the injury.    The latter is the standard by which the former is to be measured.    The injured party is to be placed, as near as may be, in the same situation he would have occupied if the wrong had not been committed." And in *Abbott vs. Gatch*, 13 *Md.*, 332, there is a recognition by this Court of the same standard for the measurement of damages.

From what has been said it follows that there was no error in any of the rulings of the Court below, and its judgment should therefore be affirmed.

*Judgment affirmed.*