## COOK & WOLDSON, Respondents, v. GALLATIN RAIL-ROAD COMPANY, Appellant.

### (No. 1,557.)

### (Submitted April 30, 1903.   Decided July 20, 1903.)

*Quantum Meruit—Special Contract—Breach—Right to Sue—Pleading — Replication — Judgment — Evidence — Bill of Particulars—Question for Jury—Instructions.*

1. Plaintiffs sued defendant on a *quantum meruit* for services rendered in delivering certain ties. Defendant denied liability on the ground that the ties were delivered under a contract in writing with which it was alleged plaintiffs had not complied, and plaintiffs by replication admitted that there was a contract in writing, but denied that it contained the entire agreement or that defendant had performed its obligations, and alleged a separate agreement by which plaintiffs were to receive extra pay for hauling ties a greater distance than that provided for in the contract. *Held,* that the allegations of the replication were a mere explanation of plaintiffs' denial of the answer, and not a statement of a new cause of action entitling defendant to judgment on the pleadings.

2   Where plaintiffs contracted in writing to haul and distribute along defendant's railroad 40,000 ties, for which plaintiffs were to be paid on the 15th of each month, and defendant failed to make payment for hauling as required, plaintiffs were entitled to refuse to make further deliveries, and sue at once on a *quantum meruit* for ties delivered.

3.   Where, in a suit on a *quantum meruit* for hauling ties, defendant claimed that the ties were delivered under an express contract which plaintiffs had not performed, and plaintiffs by replication admitted the making of such contract, but alleged that defendant had broken the same and that it was subsequently agreed that plaintiffs should receive extra pay for hauling ties an extra distance, evidence as to the number of ties hauled beyond the limit was not objectionable on the ground that the only contract pleaded in the complaint was the written contract referred to in the answer.

4.   Where suit was brought on a *quantum meruit* for ties delivered under a written contract which defendant had broken, evidence that plaintiffs had not hauled all of the ties required by such written contract was properly excluded.

5.   Where, in an action on a *quantum meruit* for hauling railroad ties, defendant set up damages for delay and interruption of track laying, etc., particularly averring the year, month, and days, on which the delays occurred, questions asked in support of such counterclaim, not referring to the dates specified, were properly excluded.

6.   In an action for services in delivering ties to a railroad company, defendant was not entitled to recover, by way of counterclaim, damages for delays alleged to have occurred after the suit was commenced.

7   Where, in an action to recover the wages of a watchman appointed to guard a certain railroad camp, the evidence would have warranted a finding that defendant's vice president and general manager had never agreed to pay for the watchman, and there was nothing to show how many days the watchman worked, etc., whether the amount sued for was a reasonable and proper allowance for his services was for the jury, and it was therefore error for the court to charge that if the jury believed the plaintiffs-evidence their verdict should be for the plaintiffs in the amount sued for, and if they did not believe plaintiffs' evidence they should find for defendant.

MR. JUSTICE HOLLOWAY dissenting.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by Cook & Woldson, copartners, against the Gallatin Railroad Company. From a judgment in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Reversed in part.

STATEMENT OF THE CASE.

This cause is on appeal from the judgment in favor of the plaintiffs, and from an order denying a motion for a new trial. Plaintiffs sought to recover on each of four causes of action.

Only the first and fourth causes of action are before us, as the plaintiffs accepted the amount admitted by the defendant to be due on the second cause, and the full amount demanded on the third cause of action was confessed. The action on the first cause was for $2,302.50, alleged to be the reasonable value of services rendered in hauling ties for the defendant between November 1, 1898, and December 31, 1898. On the fourth cause of action plaintiffs sued for $31.50 for services of a watchman, which sum defendant was alleged to have promised to pay.

A demurrer to each cause of action for want of substance was overruled. Defendant filed an amended and supplemental answer, setting up, as to the first cause of action, that plaintiffs hauled 21,809 ties under a contract in writing, which we gather from the answer was intended to cover the delivery of about 40,000 ties. The defense was that the express contract provided for delivering and distributing along defendant's track enough ties to "half-tie" and "full-tie" between certain "stations" respectively, and that plaintiffs had not done so, and that defendant, by reason of the failure of plaintiffs to haul and deliver the ties, had been delayed and damaged in the sum of $219.93 by delay of locomotive and crew used in picking up and distributing ties, and the further sum of $10,000 for loss of earnings which it could and would have made if the road had been finished in time. The hauling was to be paid for at the rate of ten cents per tie, and "estimates to be put in on the first and payments on the 15th of each month." Defendant denied all the allegations of the complaint as to the fourth cause of action. Defendant averred that there was not any other agreement for hauling ties. The replication admitted the making of the contract in writing, and denied "that there never was any other contract for the hauling * * * of any ties by plaintiffs for the defendant, but, on the contrary, allege that after the execution and delivery of said written contract the defendant * * * agreed * * * to allow them for hauling ties a greater distance than was provided for * * *

in said contract," and, further replying, alleged that they had complied with all and singular the terms of said express contract, and had delivered and distributed the ties in accordance with the terms thereof.

Judgment on the pleadings as to the first cause of action was prayed for and denied, and the cause was tried before the court sitting with a jury. Evidence was introduced by plaintiffs, over objection of defendant, tending to show that they had hauled 1,216 ties an extra distance, for which they claimed compensation at the rate of 20 cents per tie. The court, sustaining the objection of the plaintiffs, refused to allow the defendant to show, by cross-examination or otherwise, that the contract had not been fully completed by the plaintiffs according to the terms thereof, for that the suit was on a *quantum meruit,* and not upon the express contract, and it was admitted by all parties that all the ties required by the contract to be delivered had not been hauled and distributed. The court excluded testimony offered by the defendant upon its first counterclaim above, and excluded testimony in support of the second counterclaim. Judgment was entered for the amount of the verdict in favor of the plaintiffs, to-wit, in the sum of $2,807.20, the jury having allowed the plaintiffs the full amount claimed on the first and fourth causes of action, and the amounts admitted by defendant to have been due on the second and third causes. There was not any point made in the court below as to the verdict, and there has not been any such point made on appeal.

*Mr. John A. Luce,* for Appellant.

The motion for judgment on the pleadings should have been sustained, after the admission that the work was done under the written contract as set up in the answer, for three reasons: (1) That if said contract was an entire contract no action could be brought thereon upon a *quantum meruit* unless it had been fully completed, or the contract had been abandoned, rescinded or

extinguished by some act of the defendant. (Greenleaf on Evidence, Vol. 2, Sec. 104; *Clark* v. *Smith,* 14 Johnson, 326; *Dermott* v. *Jones,* 2 Wall. 1 Opin. 9; *Cutter* v. *Powell,* 2d Smith's Leading Cases, 1, and notes.) (2) If the contract was not entire no action could be brought for a partial performance thereof, but the action should have been upon the contract itself. (Note to *Cutter* v. *Powell,* 2 Smith's Leading Cases, p. 62.) (3) There was no allegation that any estimates were ever put in as provided in the contract.

The object of the contract being to haul all the ties, about 40,000, it was an entire contract. (*Catlin* v. *Tobias,* 26 N. Y. 217.)

It was incumbent upon plaintiffs before they could recover upon *quantum meruit* to show that nothing remained to be done under the contract except for the defendant to pay the price agreed upon and that they had complied with the terms of the contract upon their part. There was no breach until completion and the plaintiffs could not maintain their action. (*Krumb* v. *Campbell,* 102 Cal. 370; *McGonigle* v. *Klein,* 40 Pac. 465; *Jackson* v. *Cleveland,* 15 Wis. 107; *Mount* v. *Lyon,* 49 N. Y. 552; *Jones* v. *U. S.,* 96 U. S. 24, and see cases above cited.)

It is the rule that as to an act raising a legal right or that amounts to a legal wrong or embraces a legal duty, or constitutes a tort or a crime, it is not necessary to prove the date alleged. (*Holman* v. *Pleasant Grove City,* 8 Utah, 78-81; *Lake Shore, etc. R. R. Co.* v. *Hundt,* 140 Ill. 525.) So an averment that a jennet was killed April 19, 1886, was sustained by proof that the jennet was killed April 29, 1889. (*St. Louis, etc. R. R. Co.* v. *Evans,* 78 Tex. 369; *Lasater* v. *Van Hook,* 77 Tex. 650.) It has been held that in an allegation of title a prior beginning can be shown. (*Russell* v. *Bradley,* 47 Kan. 438.) It is the general rule that allegations of value, place, time and amount need not be strictly proved. (See, in addition to the above authorities, *Brown* v. *Sullivan,* 71 Tex. 470; *McCaslin*

v. *Lake Shore, etc. R. R. Co.,* 93 Mich. 553; *Rockford* v. *Hollinbeck,* 34 Ill. App. 40.)

The defendant should have been allowed to prove its counter-claim for damages arising out of the failure of plaintiffs to complete their contract and for delays caused thereby in direct violation of the terms of the contract. (Civil Code, Sec. 4272; Sutherland on Damages, Vol. 1, page 187; *Hicks* v. *Herring,* 17 Cal. 566; *Williams* v. *Missouri F. Co.,* 13 Mo. App. 74; Greenleaf on Evidence, 268.)

*Messrs. Hartman & Hartman,* and *Mr. M. S. Gunn,* for Respondents.

"The objection, that the common counts are inconsistent with the provision of the Code that a complaint must state facts constituting a cause of action in ordinary and concise language, and are therefore insufficient, is not tenable." (*Pleasant* v. *Samuels* (Cal.), 45 Pac. 998; *Hosley* v. *Black,* 28 N. Y. 438; *Nyhart* v. *Pennington* (Mont.), 50 Pac. 413; *Castagnino* v. *Balletta,* 82 Cal. 250; *Farron* v. *Sherwood,* 17 N. Y. 227; *Galvin* v. *MacM. & M. Co.,* 14 Mont. 508.)

Where labor has been performed or work done under a special contract which has been fully executed by the plaintiff, and the time for payment is past, a recovery may be had on a *quantum meruit.* (*Farron* v. *Sherwood,* 17 N. Y. 227; *Stuckey* v. *Hardy,* 41 N. E. 606; *Shepard* v. *Mills,* 50 N. E. 709; *Moore* v. *Mfg. Co.,* 20 S. W. 975; *Castagnino* v. *Balletta,* 82 Cal. 250; *Electric Co.* v. *Berg,* 30 S. W. 454; *Higgins* v. *Railroad Co.,* 66 N. Y. 604; *Railroad Co.* v. *Donovan,* 65 N. W. 583; *Devecmon* v. *Shaw,* 9 Am. St. Rep. 422; *Ludlow* v. *Dole,* 62 N. Y. 617; *Gambril* v. *Schooley,* 43 Atl. 918; *Ingle* v. *Jones,* 2 Wall. 1; Note to *Cutter* v. *Powell,* 2 Smith's Leading Cases, 41.)

Where a person performs work and labor for another under a special contract, but not within the time or in the manner stipulated, he cannot recover upon the contract, because he has departed from it; but he may recover upon a *quantum meruit,*

provided the work and labor performed was beneficial to the other party and was accepted and enjoyed by him. (*Elevator Co.* v. *Clark,* 80 Fed. 705; *Bedow* v. *Tonkin,* 59 N. W. 222; *Deposit Co.* v. *Burke,* 88 Fed. 630; *Gastlin* v. *Weeks,* 28 N. E. 331; *Gove* v. *Milling Co.,* 24 Pac. 521; *Standard Gas Light Co.* v. *Wood,* 61 Fed. 74; *Ingle* v. *Jones,* 2 Wall. 1.)

The contract was not entire, but was divisible. (*Perkins* v. *Hart,* 11 Wheaton, 237; *Broumel* v. *Rayner,* 11 Atl. 833; *Taylor* v. *Laird,* 1 Hurl. & N. 274; Note to *Cutter* v. *Powell,* 2 Smith's Leading Cases, 45; *Sickels* v. *Patterson,* 14 Wend. 267.)

Plaintiffs having elected to bring their action upon the *quantum meruit,* it was not necessary to allege that an estimate was put in, even though this was a condition precedent to the right to payment. Proof of the estimate was admissible under the allegations of the complaint. (*Elevator Co.* v. *Clark,* 80 Fed. 705; *Higgins* v. *Railroad Co.,* 66 N. Y. 604; *Castagnino* v. *Balletta,* 82 Cal. 250.)

The first cause of action stated in the complaint is not defective because it is not alleged therein that any estimate was put in as provided by the contract. (*Johnson* v. *Warian,* 15 N. E. 413; *Porter* v. *Swan,* 35 N. Y. Supp. 1057.)

If the plaintiffs performed the contract, the price fixed therein is the measure of the recovery for hauling the said 20,593 ties. (*Swartzel* v. *Karnes,* 44 Pac. 41; *Ingle* v. *Jones,* 2 Wall. 1; *Perkins* v. *Hart,* 11 Wheat. 237; *Ludlow* v. *Dole,* 62 N. Y. 617; *Shepard* v. *Mills,* 50 N. E. 709; *Electric Co.* v. *Berg,* 30 S. W. 454; *Higgins* v. *R. R. Co.,* 66 N. Y. 604; *Gambrill* v. *Schooley,* 43 Atl. 918; Note to *Cutter* v. *Powell,* 2 Smith's Leading Cases, 41.)

If, however, the plaintiffs did not comply with the terms of the contract, as the work performed was beneficial to the defendant and was accepted and enjoyed by it, the plaintiffs were entitled to recover the reasonable value of the work and labor performed without regard to the contract price. (*Bedow* v.

*Tonkin,* 59 N. W. 222; *Deposit Co.* v. *Burke,* 88 Fed. 630; *Gove* v. *Milling Co.,* 24 Pac. 521; *Gastlin* v. *Weeks,* 28 N. E. 331; *Standard Gas Light Co.* v. *Wood,* 61 Fed. 74.)

The counterclaim is in effect a bill of particulars. It was probably unnecessary to itemize, specify and particularize as was done in this counterclaim. The defendant, however, having adopted this form of pleading, was properly confined in its proof to the particular delays complained of. (*Matthews* v. *Hubbard,* 47 N. Y. 428; 3 Ency. Pl. & Pr. p. 539; *Tourgee* v. *Rose,* 37 Atl. 9; *Wilkinson* v. *Railroad Co.,* 17 So. 71; *City of Seattle* v. *Parker,* 43 Pac. 369; *Quinn* v. *Astor,* 2 Wend. 577.)

The court was fully justified in refusing each and every request made by the defendant, because they were not signed as required by the statute. See Sec. 1080, Subd. 7, Code Civ. Proc. It is held generally in states having a statute similar to the provision referred to that it is not error for the court to refuse a request where it is not signed by counsel. (*Choen* v. *Porter,* 66 Ind. 194; *Darnell* v. *Sallee,* 34 N. E. 1020; *Bank* v. *Bennett,* 36 N. E. 551; *Ry. Co.* v. *Mitchell,* 26 S. W. 154; *Redus* v. *Burnett,* 59 Tex. 581; *Ry. Co.* v. *Hobbs,* 43 N. E. 479; *Schoolfield* v. *Houle,* 13 Col. 394; 11 Ency. Pl. & Pr. 270.)

MR. JUSTICE MILBURN, after stating the case, delivered the opinion of the court.

1. The first alleged error assigned is the action of the court in overruling the defendant's motion for judgment on the pleadings. We do not think that the court erred in this behalf. The motion was directed to the first cause of action only, and was upon two grounds: (1) That under a contract in writing plaintiffs had agreed to haul and distribute 40,000 ties, and that the pleadings showed that they had not been hauled; and (2) that the pleadings showed that there was not anything due from defendant to plaintiffs.

Reference to the pleadings discloses that the suit.was on a *quantum meruit* for services rendered by plaintiffs to defendant. Plaintiffs admitted in their replication that there was a contract in writing, but denied that defendant at all performed its obligations thereunder, and alleged that there was another and separate agreement made between plaintiffs and defendant, by the terms of which plaintiffs were to receive extra pay for hauling ties to a greater distance than was provided for in the written instrument.   This fact alone would be sufficient to justify the action of the court in denying the motion for judgment on the pleadings.   It is said by appellant that the cause of action for the extra hauling could not be set up for the first time in the replication.   Certainly the plaintiffs could not state their case in chief in the replication, but we do not understand that the plaintiffs did anything else than explain their denial of the allegation in the answer that there never had been any other agreement between the plaintiffs and the defendant than the one evidenced by a certain letter referred to in the answer as stating the contract.   If defendant desired to attack plaintiffs' complaint for declaring, as it supposed, in one count on a *quantum meruit* on two separate causes of action, to-wit, for the hauling of ties under the express contract and for extra services not provided for in said letter, the proper step was not by motion for judgment on the pleadings.

Both of the reasons given in the motion seem to be predicated upon the idea that the contract was an entire one, and that it was necessary for plaintiffs to allege that they had hauled and distributed 40,000 ties before they could recover anything at all. This is not so.   If there was in fact a failure to pay on the 15th of any one month, and the plaintiffs had hauled and distributed ties as they were expected to do under the terms of the contract, they would not have to continue hauling until the end of the term of the contract and wait till then for their money.   There is nothing said in the pleadings about the failure to render an estimate.   The answer sets forth the particulars wherein the

plaintiffs had failed to perform, but does not say that there had been any failure on the part of any one to furnish such statement. It is not claimed in the answer that any payment was ever made to the plaintiffs.

It does not seem to be necessary to quote or cite authorities to support the statement that plaintiffs, if they performed as above suggested, did not have to wait until the end of the term, but could sue on default of monthly payment and bring their action on a *quantum meruit*. (See note to *Cutter* v. *Powell,* 2 Smith's Leading Cases, at page 55; *Broumel* v. *Rayner,* 68 Md. 47, 11 Atl. 833; *Perkins* v. *Hart,* 11 Wheat. 237, 6 L. Ed. 463.) The opinion in *Riddell* v. *Peck-Williamson Heating & Ventilating Co.,* 27 Mont. 44, 69 Pac. 241, cited by appellant, does not contain anything opposed to the views expressed above, but, on the contrary, there is a statement therein that "if payments were to be made, * * * then a cause of action accrued as soon as the defendant failed to make a payment when it should have been made. Default in making such payment would have entitled the plaintiffs, if they continued to perform under the contract, to recover judgment for the price of the work already done; or such default would have warranted them in treating the special contract as at an end, and authorized them to maintain an action on the implied promise of the defendant to pay the reasonable worth of the labor done and materials furnished. They could, at their option, have pursued either course." So, in the case before us, the plaintiffs, if the defendant failed to pay, could have kept on working under the contract, and sued thereunder for the fixed value of their services, with a second count for the value of extra services; or they could adopt the course which they did, treating the special contract as at an end and suing on a *quantum meruit.*

The complaint counts upon the hauling and distributing of ties up to and including December 31st, and alleges nonpayment therefor, the suit having been commenced after January 15th. As we have said, the answer does not allege, among other things,

which defendant therein says that the plaintiffs failed to do, that the plaintiffs were to furnish and did fail to furnish estimates. We do not find the court in error in overruling said motion for judgment on the pleadings.

2.   The second assignment is that it was error for the court to overrule the objection of the defendant to the testimony of Martin Woldson as to 1,216 ties hauled beyond the limit. The ground of objection was that there was no allegation in the complaint supporting such testimony, and that there is but one contract pleaded in the complaint, to-wit, an implied contract; and plaintiffs admit the execution of a written contract set out in the answer, and that no testimony could be admitted outside of such express contract, and that the only allegation in plaintiffs' pleadings in respect of the hauling of ties beyond the limit is an allegation in the replication, which defendant says is a complete departure from the complaint. What we have already said applies to this assignment, and we do not find that the court erred. The same may be said of assignments 3 and 4.

3.   In assignment No. 5 it is said that the court erred in permitting the witness Cook to testify as to the reasonable value of the hauling of the 21,809 ties. The reason assigned in the argument in the brief is that the plaintiffs could not sue on a *quantum meruit,* and, in any event, the contract price—ten cents—was the measure of damages. Referring to what we have said above in Section 1, and the further fact, disclosed by the record, that the witness testified that ten cents, the contract price, was the reasonable worth, except as to the 1,216 hauled beyond the point fixed by the contract, we cannot see that the court erred in permitting the testimony to be introduced.

4.   Although assignment 6 is a merger, embracing three alleged errors not specially numbered as the rule requires, still we take it up with assignment No. 7. The point relied upon in each is that the court erred in not allowing defendant to prove that the work had not all been done; that is, all the ties had not been hauled. This was admitted by all parties, and there could

not be any error in the court cutting off proof to show what had already been admitted. Plaintiffs only claimed that 21,809 ties had been hauled. Each of these assignments is made and argued upon the presumption that the plaintiffs had failed to execute completely the contract on their side before suing to recover anything. We cannot say that the court erred as alleged in the sixth and seventh assignments. These remarks are applicable also to assignment No. 10.

5. Assignment No. 8 is that it was error for the court to exclude (1) the testimony of the witness Signor in reference to the defendant's first counterclaim, (2) to sustain the objection of the plaintiffs thereto, and (3) to reject the offer of proof made by the defendant. The reference to the transcript covers from line 5, page 49, to line 15, page 51. This assignment is an assembling of more than one alleged error in one assignment. At least one of the questions refers to the approach to "Hoffman's Mine," possibly mentioned in the question with reference to the second counterclaim, and not referred to in the contract as a place towards which ties should be carried. Suffice it to say that not a single date is given in any one of the questions asked and objected to, except in one, wherein it was asked if there had not been an interruption of track-laying on or about the 21st day of December, whereas the month of December is not mentioned in the answer in the statement of the first counterclaim, in which statement are set forth particularly the different days upon which loss is alleged to have occurred by the delay of the plaintiffs. The items upon which the damages for delay are based in the first counterclaim are set forth with great particularity as to year, month, day, hours, men, teams, locomotives, etc. It was not error for the court to refuse to allow so wide a departure from the bill of particulars contained in the answer. After careful consideration of the questions, so far as we can determine which of them apply to the first counterclaim, we conclude that the court did not err as alleged.

6. As to assignments 9 and 16, we need only say that all of the evidence offered and excluded referred to the second counter-

claim, in which defendant sought to recover for damages alleged to have occurred to it after the suit was commenced, and it was not error for the court to exclude it.

7. We have carefully considered the points raised by appellant's assignments numbered 11, 12, 13 and 14, as to instructions asked for by the defendant and refused by the court, and assignment No. 17, as to an instruction given, and we do not find that the court erred as alleged.

8. It was error, as declared in assignment No. 15, for the court to give instruction numbered 8. The instruction was in relation to plaintiffs' fourth cause of action for the sum of $31.50, wages of a watchman. In it the court told the jury that if they believed the testimony in regard to that item their verdict should be for the plaintiffs in the sum of $31.50 and interest, and, if they did not believe the testimony of plaintiffs, then they should find for the defendant as to this cause of action. The giving of this instruction is assigned as error, and we think correctly so. To believe what a witness says is one thing, and to find a fact from the evidence given by such witness is another. It was for the jury to determine from the evidence how much, if anything, the plaintiffs should recover. The evidence is very meager as to this matter of the hiring of a watchman. Mr. Cook, one of the plaintiffs, testified that Mr. Wiswell, the superintendent of construction, wanted to rent a certain camp belonging to the plaintiffs; that Mr. Hall, the vice president and general manager of the defendant, was not present, but that Mr. Wiswell wished plaintiffs to leave the camp for the company's use; that plaintiff Cook then said that, if the camp were left for the company's use, he (Wiswell) would have to pay for a watchman; that Wiswell said that would be all right, Hall would fix that; that upon a demand for the rent he (Wiswell) would not O. K. the bill. Cook did not remember the number of days the watchman was there, but he paid him $31.50 for the time he was there after the talk with Wiswell. Upon cross-examination he said that Wiswell was not positive that they would want the camp, and he would like to have it left

there until Mr. Hall came back. Mr. Hall afterwards rented the camp, used it, and paid rent therefor. Hall never agreed to pay for a watchman; he (Cook) had no conversation with any one except Mr. Wiswell; Wiswell told witness that he did not know whether Hall would want the camp or not, but that he was almost positive that they would. Witness said he knew that the company or its general manager, Hall, authorized Wiswell to hire a watchman there, because he was permitted to make deals of that kind all the time.

It is sufficient to say, in respect of this instruction, that there is nothing in the evidence to show how many days the watchman was there, and, if anything was owing under such evidence, it certainly was for the jury to say whether $31.50 was a reasonable and proper amount to pay for his services, and it was not for the court to direct a verdict of $31.50, even if the jury did believe all that Mr. Cook said upon the subject. A motion for a nonsuit upon such evidence upon this cause of action, if it had been made, ought to have been granted.

For the reasons stated above, the order denying the motion for a new trial and the judgment are affirmed as to the first, second and third causes of action, and reversed as to the fourth cause of action, as to which fourth cause of action the cause is remanded for a new trial.

Mr. Justice HOLLOWAY: I dissent. I particularly disagree with the order remanding the cause for a new trial as to the fourth cause of action only. I am of the opinion that the entire cause should be retried, for, while the complaint contains four distinct causes of action, the jury found for the plaintiffs in a gross sum, without determining the amount which they should recover on each cause of action separately. For this reason, I believe the verdict entirely insufficient. (22 Enc. Pl. & Pr. 850, and cases cited.) The cause is remanded for a new trial upon the fourth cause of action, and, if upon a second trial the jury should return a verdict for a sum less than the amount claimed, I am of the opinion that the district court

would be unable intelligently to properly modify the existing judgment, for the reason that it could not determine whether the verdict upon a second trial was for a greater or less amount than the verdict on that cause of action on the first trial.