WM. H. DONALDSON v. THE SUTHERLAND MANUFACTUR-
ING CO.

1. Where a contract technically entire but contemplating delivery of a number of distinct things not physically connected nor dependent on each other, is partially performed and complete performance is rendered impossible through no fault of the contractor, the latter may recover *pro tanto*. The right of recovery in such cases depends upon the subject-matter and not upon the entire or severable nature of the contract as such.
2. The doctrine of incomplete performance as a defense applies only to entire contracts in the sense of the entirety of the thing contracted for and does not apply where the breach goes only to one or more of severable provisions having independent benefits.
3. Where both parties contract with reference to the continued existence of the thing with reference to which the contract is to be performed, the subsequent perishing of the thing excuses complete performance.
4. The recovery as upon a *quantum meruit* in these cases presupposes a termination of the contract; consequently the liability of the contractee can not be increased by subsequent tender of articles rendered useless to him by the destruction of the thing with reference to which the contract was to be performed.

HOSEA, J.; HOFFHEIMER and MURPHY, JJ., concur.

The facts, as conceded by counsel, are not in dispute, and the sole contention presented to us at the hearing is upon a question of law as a condition of liability.

The Sutherland Company are dealers in gax fixtures. Donaldson, who had about completed a residence near Fort Thomas, Kentucky, selected the fixtures he desired from the stock and samples of the company, for the various rooms of his house; and a schedule of these, with prices of each noted, was made the basis of a proposition by the company to furnish and install the fixtures at the aggregated price, and an acceptance by Donaldson, in the words: "Please enter my order * * * as per list and specifications of this date."

In the view we take of the case the precise legal nature of the contract is not material, but upon its face it would seem that the parties contemplated an order for specified

goods at stipulated prices, rather than a contract based on a single consideration and important *only* in its entirety.

One or two pieces were to be made to order, but it does not appear that the fixtures, as a whole, were in any way peculiar, characterized by any unity of design or connected in series or in any other relation one with another. They were, however, to be delivered and installed to Donaldson's satisfaction. No time limit was fixed, but the company proceeded with the delivery and installation room by room, from time to time, as he directed, until nearly all fixtures were in place. Donaldson and his wife expressed their entire satisfaction with each fixture as it was installed, and again with all that had been installed, and his satisfaction was admitted and emphasized by him on the stand. When everything was complete, except putting in two living-room fixtures in the house, for which he had not given directions, and one fixture at an exterior driveway, the house burned down and the work installed was destroyed. And at the time of the fire the house was occupied by Donaldson as a residence. The testimony thus shows acceptance and enjoyment of all but the three fixtures, and these three were ready, but installation delayed, as appears, by Donaldson himself. The latter fixtures were subsequently tendered and refused.

The defense below in the case is predicated upon the theory that the contract was entire and indivisible; and that, as the subsequent conditions made complete technical performance impossible, no recovery can be had for the part performed.

This position is neither just nor tenable in law. The right to recover under such circumstances is not wholly dependent on the entire or severable nature of the *contract* as such, but rather of the *subject-matter* of the contract. The subject contracted for may indeed be so entire and inseverable that no benefit could accrue to the vendee by the performance of part, but where the contract covers a number of entirely separate and independent things not physically connected or dependent upon such other, it is manifestly possible for a benefit to be derived from a part per-

formance which involves the delivery and installation of things complete in themselves. The distinction is well illustrated in the following two well-considered cases:

In *Filden* v. *Bailey*, 42 Mich., 100, it is held that a contractor to build a house can recover nothing if the house be not completed, or, if completed, be destroyed by fire before acceptance by the owner.

In *Atlantic, etc., Rwy.* v. *Construction Co.*, 98 Va., 503, it is held that if one of several buildings, to be constructed under one entire contract, has been accepted by the owner, the contractor may recover for his work if the building be subsequently destroyed by fire before the rest of the contract is performed.

So, also, in *Barrett* v. *Coke Co.*, 51 W. Va., 416, it is held that recovery may be had for goods accepted under a contract to furnish goods to the satisfaction of the vendee, if the vendee has, in good faith, attempted to perform, though the amount accepted was much less than the amount contracted for.

The doctrine of incomplete performance as a defense, in a word, applies only to *entire* contracts in the sense of entire subject-matter and does not apply where the breach goes only to one or more of severable provisions with independent benefits. Page on Contracts, Section 1603.

It would be unconscionable to deprive a vendor or contractor, in good faith, of a recovery for the benefit enjoyed by the vendee or contractor in the part delivered and accepted. In our own state a *wilful* or *unjustifiable abandonment* of the contract or a *"wilful breach"* are held to deprive a party of his recovery even where benefits are conferred. *Larkin* v. *Buck*, 11 O. St., 561; *Ginther* v. *Schultz*, 40 O. St., 104; *Witherow* v. *Witherow*, 16 O. St., 238.

But many authorities elsewhere uphold a recovery for benefits accepted and retained even where the breach or failure is wilful—and this is said to be the "more modern rule." *McDonough* v. *Marble Co.*, 112 Fed. Rep., 634; *3 Page on Contracts, Section* 1603, and cases cited.

See, also, *Saunders* v. *Short*, 86 Fed. Rep., 225 (C. C. App.); *Watson* v. *Kirby*, 112 Ala., 436.

But the present case presents another reason why the rule denying recovery for part performance should not apply, namely, that where from the nature of the contract it is evident that the parties contracted on the basis of the continued existence of the thing to which it relates, the subsequent perishing of the thing excuses complete performance. *Singleton* v. *Carroll,* 6 J. J. Marsh (Ky.), 527; *Dexter* v. *Norton,* 47 N. Y., 62; *Wells* v. *Calnan,* 107 Mass., 514; *Nicol* v. *Fitch,* 115 Mich., 15; *Walker* v. *Tucker,* 70 Ills., 527; *Gould* v. *March,,* 70 Me., 288; *McMillan* v. *Fox,* 90 Wisc., 173; *Anglo-Egyptian Co.* v. *Rennie,* L. R., 10 C. P., 271; *Ross Rodd Machine Co.* v. *Forbus,* 23 W. L. B., 217.

Thus, where one agreed to perform certain work and performs part, and is prevented from performing the residue without fault of either party, he is entitled to pay in proportion to the rate agreed upon for the whole. *Hargrave* v. *Conway,* 19 N. J. Equity, 281.

All the cases cited in behalf of plaintiff in error are of this character; and the rule of *Appleby* v. *Meyers* (L. R., 2 C. P., 651), is but the enunciation of a principle recognized and applied from a very early period, namely: "Where a party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity because he might have provided against it by his contract." *Paradine* v. *Jayne,* Aleyn, 26; Platt on Covenants, 582.

But the tendency of modern jurisprudence is to recognize the principle we have stated as a limitation upon the above rule.

This principle is an obviously just one and has been applied by our circuit court in two well-reasoned cases. *Bailey* v. *Brown,* 9 C. C., 455; *Feike* v. *R. R. Co.,* 5 C. C., 109.

It will be seen from these authorities that the underlying principle is the equitable one of benefits conferred by the part performance. The question of entirety or severability of the contract is not involved, excepting as it relates to the subject-matter. If the subject-matter be entire, as, for example, a building, an elevator in a building, a steam heat-

ing plant, or any other thing which has no existence as a useful thing except it be completed as a whole, then, manifestly a part performance is useless to the vendee and confers no benefit; and, consequently, forms no predicate for recovery. All the cases cited in behalf of plaintiff in error are of this character.

The Supreme Court of Maryland says, in commenting on a diversity of opinion that seems to exist only through a failure in some cases to recognize the just distinction:

"On the whole, the weight of opinion and the more reasonable rule would seem to be that where there is a purchase of different articles at the same time, the contract would be severable as to each article, unless the taking of the whole was rendered essential either by the nature of the subject-matter or the act of the parties." *Braumel* v. *Rayner,* 68 Md., 47.

See, also, *Young, etc., Co.* v. *Wakefield,* 121 Mass., 91; *Pierson* v. *Croks,* 115 N. Y., 539.

The English courts also recognize substantially the same limitation, namely: that after one party has performed the contract in a substantial part, and the other party has had the benefit of the part performance, the latter may be precluded thereby from relying upon performance of the residue as a condition precedent to his liability. In such case he must perform on his own part and rely on his claim for damages in respect of the defective performance. *Leake on Contracts,* 664; *White* v. *Beeton,* L. R., 10 Q. B., 564; *Behn* v. *Burness,* 32 L. J., Q. B., 204; *Ellen* v. *Topp,* 6 Exch., 424.

The question here, though technically determinable under the law of Kentucky, is really one to be decided upon the general law as it prevails there and elsewhere by the consensus of judicial opinion, and we have so treated it— although, as shown, the courts of Kentucky are in accord with the views expressed, and with that which has been the law of Ohio from very early times. *Bagley* v. *Bates,* Wright, 705; *Ames* v. *Sloat,* Wright, 577; *Newman* v. *McGregor,* 5 O., 349 (352).

The recovery, as upon a *quantum meruit* in these cases, however, presupposes a termination of the contract, and consequently the liability of a defendant can not be increased by tender of the articles not delivered into his possession prior to the destruction of the building. The verdict and judgment below are erroneous to the extent of the value of the articles tendered subsequent to the fire. Counsel for defendant in error, at the hearing, offered to remit the amount. Upon this being done, the judgment will be affirmed for the remainder, and it is so ordered.

Judgment affirmed upon remittur as indicated.

*L. J. Crawford* and *A. B. Benedict,* for plaintiff in error.
*Kramer & Kramer,* for defendant in error.

