KNEELAND vs. VAN VALKENBURGH, imp.

CONSTRUCTION OF DEED *of city lot. When grantee takes to center of street.*

1. It is the settled law of this state, that the grantee of a lot bounded by a public street in a recorded town plat, whether the lot is designated in the conveyance by its number on the plat or by some other appropriate description, takes to the center of the street, unless such street is expressly excluded from the grant by something appearing on the plat or by the terms of the conveyance.

2. In a deed of part of a city lot, one specified boundary of the premises conveyed was " the south line " of a certain street on which the north end of the lot abuts. *Held,* that, in the absence of anything else to exclude the street, the grantee took to the center thereof.

3. The words " *known as* the east part of lot 1," in a specified block, have the same force as the words "the east part of lot 1," in showing an intention to convey to the center of adjoining streets.

4. This construction of the deed is further supported by the fact that the land is conveyed expressly "subject to all legal highways; " there being no highways on the premises except two abutting streets.

APPEAL from the County Court of *Milwaukee* County.

Ejectment, for a parcel of land in the 7th ward of the city of Milwaukee. The land claimed is described in the complaint by metes and bounds. It appears from such description that the land is a strip about fifty feet wide, being the east end of lot 1 in block 108 in that ward, and that the same is included within the limits of Biddle and Lake streets, and subject to a public easement for a highway. The answer contains a counterclaim, in which is inserted a conveyance executed in 1850 by the plaintiff to Mrs. Todd of a portion of said lot 1, which it is claimed includes the land in controversy.

It is also alleged therein, that the plaintiff had previously con-
veyed the balance of the lot, being the west 100 feet thereof,
to one Perry, and that, by mesne conveyances from Todd and
Perry and their grantees, the defendant *Van Valkenburgh*
has become and is the owner in fee of the whole lot; also that
the plaintiff sold and promised to convey to Mrs. Todd all his
interest in lot 1 remaining after his conveyance to Perry, and
executed the conveyance to her pursuant to such sale.   The
counterclaim contains other averments of fact, which, it is
claimed, estop the plaintiff to deny *Van Valkenburgh's* title
to the land in controversy.   The premises conveyed by the
plaintiff to Mrs. Todd are described in the deed thereof as
follows:   "The following described tract of land situate in the
county of Milwaukee, in the state of Wisconsin, and is known
as the east part of lot number one (1) in block number one
hundred and eight (108) in the first ward of the city of Mil-
waukee, and bounded as follows, to wit:   Commencing at a
point on the south line of Biddle street, one hundred (100) feet
east of the northwest corner of said lot, thence southerly on a
parallel line with Astor street to the north line of lot number
two (2) in said block, thence easterly on the north line of said
lot two to Lake street, thence northerly on the westerly line
of Lake street to the south line of Biddle street, thence west-
erly on the south line of Biddle street to the place of begin-
ning, being one hundred and eight (108) feet on Biddle street,
be the same more or less, but subject to all legal highways."
It is supposed that the number of the ward has since been
changed to the *seventh.*

The plaintiff replied to such counterclaim, denying the
averments of fact pleaded as an estoppel, and denying that by
his deed to Mrs. Todd he intended to or did convey any land
included in the limits of Lake or Biddle street; but admitting
the execution of the conveyance to Mrs. Todd as stated in the
counterclaim.

The defendant *Van Valkenburgh* demurred to the reply,

alleging that it fails to state a defense to the counterclaim. The court below sustained the demurrer; and, from the order sustaining the same, the plaintiff appealed.

For the appellant, there was a brief by *E. Mariner* and *C. A. Hamilton*, and oral argument by *Mr. Mariner*. They argued, 1. That if the intent of the deed to Mrs. Todd had been to convey the whole east part of lot 1, it would naturally have been described as "all of the east part," etc.; but that the words "known as the east part" were used to describe what by custom or tacit agreement was taken to be the east part, whether it actually was the whole of the east part or not; and that the description by metes and bounds, while it would have been repugnant to a grant of the east part, was not repugnant to a grant of what was known as, or had acquired the name of, the east part. 2. That, by fixing the starting point in the south line of Biddle street, by locating the northwest corner of lot 1 at a point in the south line of that street, by making said south line and the westerly line of Lake street the boundaries of the grant, and by giving exact measurements, which, as well as the boundaries, exclude the premises here in question, the deed shows clearly an intent to exclude them. *Barton v. Dawes*, 10 C. B., 261; *Llewellyn v. Jersey*, 11 M. & W., 182; *Dana v. Bank*, 10 Met., 250; *Smith v. Slocomb*, 9 Gray, 36; *Franklin Wharf Co. v. Portland*, 46 Me., 42; *Coster v. Peters*, 5 Rob., 204; *Jackson v. Hathaway*, 15 Johns., 447; *Jones v. Cowman*, 2 Sandf. S. C., 234; *Child v. Starr*, 4 Hill, 369; *Babcock v. Utter*, 1 Keyes, 410; *Sherman v. McKeon*, 38 N. Y., 266–272; *English v. Brennan*, 60 id., 609; *Drew v. Swift*, 46 id., 204; *White's Bank v. Nichols*, 64 id., 65; *Gove v. White*, 20 Wis., 447; 3 Washb. R. P., 410, 420, notes. There being a tier of lots between this block and the lake, to which these streets or alleged streets form the access, there was a motive for keeping them open. 3. That the words "subject to all legal highways," if they mean anything, only estop plaintiff from denying that Lake street is a public highway,

and were probably inserted for that purpose, out of much caution, by reason of the condition of the plat as shown by *Van Valkenburgh v. Milwaukee*, 43 Wis., 574. See *Codman v. Evans*, 1 Allen, 446; *Howe v. Alger*, 4 id., 209.

For the respondent, there was a brief by *Frank B. Van Valkenburgh*, with *Cottrill, Cary & Hanson*, and oral argument by *Mr. Van Valkenburgh* and *Mr. Cottrill*.

Lyon, J. If the deed of 1850, executed by the plaintiff to Mrs. Todd, conveyed to her the land in controversy, the plaintiff cannot recover in this action; for it is essential to a recovery that he show title in himself. The counterclaim avers, and the reply admits, the execution of that deed, and, if it conveyed the land claimed, it is obvious that the reply contains no defense to the counterclaim, and that the demurrer was properly sustained. Hence the statement in the brief of the learned counsel for the appellant, that "the substantial question is, whether appellant's deed to Todd conveyed the premises in suit," is entirely accurate.

The rule by which this question must be solved, is thus stated in *Pettibone v. Hamilton*, 40 Wis., 402: "In *Kimball v. The City of Kenosha*, 4 Wis., 321, decided in 1855, it was held that the grantee of a lot bounded by a public street in a recorded town plat, whether the lot is designated in the conveyance thereof by its proper number on the plat, or by some other appropriate description, takes to the center of such street, subject only to the public easement, unless the street is expressly excluded from the grant by something appearing upon the plat or by the terms of the conveyance. This doctrine has since been repeatedly reaffirmed by this court, and is now too firmly established to be disputed or drawn in question. *Goodall v. Milwaukee*, 5 Wis., 32; *Milwaukee v. Mil. & Beloit R. R. Co.*, 7 id., 85; *Ford v. Chicago & N. W. Railway Co.*, 14 id., 609; *Weisbrod v. The Same*, 18 id., 36; *S. C.*, 20 id., 419; *S. C.*, 21 id., 602." (p. 410.)

The deed to Mrs. Todd does not convey a given lot by its number, but it conveys to her a portion of a given lot by appropriate description, that is, by metes and bounds. It is true that the designated boundary lines of the premises conveyed are the lines between lot one and the abutting streets, as those lines would usually be marked on a map or plat, but there is not in the terms of the deed any express exclusion of the land between those lines and the centers of the streets. The rule above stated will not permit an inference of intention to exclude the streets from the mere fact that the boundary lines specified in the grant are outside the limits of the streets. It was substantially so ruled in *Pettibone v. Hamilton, supra.* We also think there is sufficient in the deed to Mrs. Todd to show that the plaintiff did not intend to limit the grant to the outer lines of the streets. It is stated therein that the land conveyed " is known as the east part of lot number one," etc. Counsel for plaintiff argues that the use of the words " known as " in the description destroys its significance as manifesting an intention to convey the east part of the lot. We think otherwise. A conveyance of a lot in a given plat, " known as lot one," or of a parcel of land " known as the N. W. ¼ of section one," in a specified township and range, without further description, would undoubtedly convey the whole of the lot or quarter-section, even though the same included a larger area than it was generally supposed to include. The better opinion seems to be, that these words, unexplained by the context, are a mere formula to which no restrictive effect can be given when they so occur in a grant. Hence we think the deed to Mrs. Todd describes the premises conveyed to her as the east part of lot one; and that part of the lot necessarily extends to the center of the streets. The conveyance was also made expressly " subject to all legal highways." Unless it extends the grant into the abutting streets, it does not appear that there were any highways upon the premises conveyed.

For the purposes of this appeal we must assume, under the

pleadings, that Biddle street and Lake street are public highways, and our judgment is based on that hypothesis.

We conclude that Mrs. Todd took to the center of the abutting streets under her deed from the plaintiff, and hence, that this action cannot be maintained under the present pleadings.

*By the Court.*— Order affirmed.

RYAN, C. J. took no part.
A motion for a rehearing was denied.