RUSHING et al. v. MITCHELL.

(Court of Civil Appeals of Texas. Austin. Nov. 22, 1911.)

EVIDENCE (§ 460*)—CONTRACT FOR COMMISSIONS—PAROL EVIDENCE.

An addition was platted, the plat being recorded, but only part of the addition was known by its name. Plaintiff contracted to sell all of the lots "known as" the named addition, except those already sold. A receipt for payments of lots sold recited that the defendants had received from plaintiff certain money as credit on a contract concerning the sale of lands in the named addition. *Held,* that parol evidence was not admissible to show that the contract referred to only that part of the addition known by its name; it being the obvious intention of the parties to include all the addition.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2115–2128; Dec. Dig. § 460.*]

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Action by L. B. Mitchell against J. A. Rushing and another. From a judgment for plaintiff, defendants appeal. Affirmed.

J. S. Bounds and Cureton & Cureton, for appellants. E. B. Mayfield and Lumpkin, Merrill & Lumpkin, for appellee.

KEY, C. J. This is the second appeal in this case, the former having been decided by the Court of Civil Appeals for the Sixth district, and we refer to that decision for a full and correct statement of the nature of the suit. Mitchell v. Rushing, 55 Tex. Civ. App. 281, 118 S. W. 582. With one exception, we think that court correctly construed the contract, and that the trial court committed no error at the last trial in accepting that decision as the law of the case. The suit is founded upon a written contract set out and construed on the former appeal.

We commend the action of the trial court in submitting the case to the jury upon special issues, and believe that the law would be better administered and fewer cases reversed if that course was more frequently pursued in the trial of civil cases. Responding to the special issues submitted, the jury found (1) that the plaintiff, Mitchell, had not received one-fourth of the proceeds of all sales of lots sold prior to the filing of this suit; (2) that said one-fourth of such proceeds amounted to $756.77; (3) that the lots and blocks north of Denmark street were included in the written contract between the parties; and (4) that the plaintiff, Mitchell, had used reasonable and proper diligence in the performance of his part of the contract. There was testimony which supports all of these findings, and we adopt the same as the findings of fact by this court. Upon these findings the trial court rendered judgment for the plaintiff, Mitchell, for $756.77, together with 6 per cent. interest thereon, and for an undivided one-fourth interest in the lots and blocks remaining unsold in Fairview and Roundhouse additions to the town of Walnut Springs. The decree specifically describes the lots and blocks referred to, and a portion of them are north of Denmark street; but are part of Fairview addition to Walnut Springs, as the same was surveyed, platted, and recorded by the defendants prior to the making of the contract sued on. The defendants have appealed, and presented the case in this court upon numerous assignments of error, some of which raise questions which were decided against appellants upon the former appeal. All the questions have been duly considered, and we have reached the conclusion that no reversible error is made to appear.

If we could agree with the Court of Civil Appeals for the Sixth district that the contract was uncertain as to its subject-matter, and that parol evidence was admissible for the purpose of showing whether or not the property described in the contract included the lots and blocks lying north of Denmark street, then we would sustain appellant's assignments of error, which complain of the action of the trial court in excluding testimony tending to show that at the time the contract was made the land south of Denmark street was generally known in the community as Fairview addition to Walnut Springs, and that located north of Denmark street was not generally known as any part of that addition. It is true that the contract describes the property in these words: "All those certain lots and blocks of land known as Fairview and Roundhouse additions to the town of Walnut Springs, Bosque county, Texas, except those heretofore sold." The undisputed testimony shows that the defendants caused the addition referred to to be surveyed and platted, and the plat recorded under that name. In other words, the land covered by that addition was platted into blocks, which were subdivided into lots and separated by streets. The streets running east and west were named Virginia, Kentucky, Norway, Sweden, and Denmark, and there was another street north of Denmark which contained no name, as shown by the plat. The streets running north and south were Waco, Dallas, Austin, and Hamilton. All the blocks south of Denmark street were numbered, and those north of Denmark street were lettered. The lots in the several blocks were numbered as far as the unnamed street

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

beyond Denmark street. In other words, the territory between Denmark and the unnamed street was platted into blocks and subdivided into lots; the blocks being designated by letters and the lots by numbers, running from one to ten. The plat in question was made by D. C. Morris, a civil engineer, in February, 1906, and he certified that it was correct on the 18th day of April, 1906, and the defendants made this indorsement upon it: "State of Texas, County of Bosque. We, J. A. and C. C. Rushing, do hereby adopt the above plat and certify that all sales hereafter made by us shall be in accordance with the above plat. Witness our hands at Walnut Springs, this the ——— day of April, 1906. J. A. Rushing and C. C. Rushing." The plat with the indorsements referred to upon it was filed for record on May 18, 1906, and was duly recorded by the county clerk of Bosque county, as shown by his certificate.

The undisputed testimony shows that the map and plat referred to was exhibited to the plaintiff before the contract was made on July 24, 1906; and that he had a copy of it in his hands when he wrote the contract. The plaintiff conducted one auction sale on August 29, 1906, and disposed of about 66 of the lots lying south of Denmark street, and did not sell any lots lying north of that street. Thereafter he had a partial settlement with the defendants, and they executed and delivered to him a receipt, which reads as follows: "Walnut Springs, Texas, 8—29—1906. Received from L. B. Mitchell cash to the amount of $2,114.96, and vendor's lien notes to the amount of $1,295.04, making a total of $3,410.00 which is received and accepted as a credit on a contract executed by and between the parties hereto, dated July 24, 1906, concerning the sale of lands in Fairview and Roundhouse additions to Walnut Springs, Bosque county, Texas. J. A. Rushing. C. C. Rushing."

It will be observed that this receipt, which was executed by the defendants, does not describe the lots that were sold as being in *"what was known* as Fairview and Roundhouse additions," but as being in "Fairview and Roundhouse additions." In view of the foregoing and undisputed facts, we believe that it was the intention of the parties to include in the contract all the territory embraced in Fairview and Roundhouse additions to the town of Walnut Springs, as such additions were platted, recorded, and dedicated by the defendants, and that parol evidence was not admissible for the purpose of showing that it was not intended to include that portion of the Fairview addition situated north of Denmark street. True it is that part of the addition was separated from the other portion by a pasture fence, and was leased for the current year to a tenant; but, notwithstanding, it was a part of that addition as the same was made by, established by, and known to the defendants, and as it was made to appear ·by the recorded map to the plaintiff.

In Kneeland v. Valkenburgh, 46 Wis. 434, 1 N. W. 63, 32 Am. Rep. 719, the Supreme Court of Wisconsin used this language: "We also think there is sufficient in the deed to Mrs. Todd to show that the plaintiff did not intend to limit the grant to the outer lines of the streets. It is stated therein that the land conveyed 'is known as the east part of lot number 1,' etc. Counsel for plaintiff argues that the use of the words 'known as' in the description destroys its significance as manifesting an intention to convey the east part of the lot. We think otherwise. A conveyance of a lot in a given plat, 'known as lot 1,' or of a parcel of land, 'known as the N. W. ¼ of section 1,' in a specified township and range, without further description, would undoubtedly convey the whole of the lot or quarter section, even though the same included a larger area than it was generally supposed to include. The better opinion seems to be that these words, unexplained by the context, are a mere formula to which no restrictive effect can be given when they so occur in a grant. Hence we think the deed to Mrs. Todd describes the premises conveyed to her as the east part of lot 1; and that part of the lot necessarily extends to the center of the streets."

In this case, as in that, the words "known as" are not explained by the context, and it would seem that they should be treated, as they were in that case, as a mere formula, to which no restrictive effect can be given.

We fully indorse all the other rulings of the Court of Civil Appeals for the Sixth district as so well and clearly expressed in the opinion of Mr. Justice Hodges, and regret that we feel compelled to overrule that court on the question now under consideration. However, as that is not the tribunal of final authority, and as the course we are pursuing will facilitate a decision of the question by the Supreme Court, the final authority in civil cases, we feel constrained to decide the question as we believe it should, and finally will be, decided. This is the only question in the case we desire to discuss in this opinion.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.