PATE v. VARDEMAN et al.

(Court of Civil Appeals of Texas. Austin. Nov. 22, 1911.)

1. APPEAL AND ERROR (§ 759*) — BRIEFS — COPYING ASSIGNMENTS OF ERROR.

Under the court rules, appellant must correctly copy his assignments of error in his brief, and is subject to censure for willfully copying therein material matter not contained in his assignments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

2. APPEAL AND ERROR (§ 766*)—BRIEFS— WAIVER OF DEFECT.

Where appellant did not personally prepare his brief, and the appellate court's refusal to ·consider some assignments of error probably involving fundamental error, because not correctly copied into appellant's brief, would work great injustice to him, the appellate court may, in its discretion, hear the appeal upon its merits, notwithstanding appellant's violation of the court rules in incorrectly copying his assignments of error into his brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3101; Dec. Dig. § 766.*]

3. SET-OFF AND COUNTERCLAIM (§ 33*) — WRONGFUL ATTACHMENT—DIFFERENT ATTACHMENTS.

Where defendant levied several wrongful attachments against plaintiff's property, the second one only being levied upon cotton, an amount paid by defendant to plaintiff, after satisfying plaintiff's debt from the proceeds of a sale of the cotton, could only be set off against plaintiff's right to recover for the wrongful attachment of the cotton, making it error to authorize it to be set off against any damages sustained by plaintiff from the attachments generally.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig. § 33.*]

4. ATTACHMENT (§ 379*)—WRONGFUL ATTACHMENT—JURY QUESTION—UNDISPUTED QUESTIONS.

Where the undisputed evidence in an action for wrongful attachment showed facts making the attachment wrongful, it was error to submit the question whether it was wrongful to the jury; only disputed questions of fact and the amount of damage being for it.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1376, 1377; Dec. Dig. § 379.*]

5. SET-OFF AND COUNTERCLAIM (§ 33*)— WRONGFUL ATTACHMENT—SET-OFF OF CONTRACT LIABILITY.

In a suit for damages for the unlawful seizure of exempt property under legal process, plaintiff's indebtedness to defendant cannot be offset against his right to damages.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig. § 33.*]

6. EXEMPTIONS (§ 133*)—WRONGFUL ATTACHMENT—DAMAGE.

The seizure under writ of attachment of unpicked cotton growing on the debtor's homestead was unlawful, making its severance by the creditor's direction wrongful, so as to authorize the debtor to recover damages for its seizure.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 161; Dec. Dig. § 133.*]

7. ATTACHMENT (§ 375*)—WRONGFUL ATTACHMENT—MEASURE OF DAMAGES.

The owner of cotton wrongfully attached was entitled to recover its value, less the amount received by him from the proceeds of a sale thereof, in the absence of his consent to its sale, and the application of the proceeds to the payment of his indebtedness.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1394; Dec. Dig. § 375.*]

8. ATTACHMENT (§ 375*)—WRONGFUL ATTACHMENT.

If the grounds ·alleged for attachment were not true, the party could recover at least nominal damages, even if he suffered no actual damage.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1387; Dec. Dig. § 375.*]

Appeal from District Court, Parker County; J. W. Patterson, Judge.

Action by J. B. Pate against W. H. Vardeman and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

J. M. Richards, for appellant. Hood & Shadle, for appellees.

KEY, C. J. J. B. Pate instituted this suit in the district court, seeking to recover damages from the defendant W. H. Vardeman.

The plaintiff alleged in his petition that the defendant had unlawfully sued out an attachment in the justice of the peace court of precinct No. 3 of Parker county, and had caused the same to be levied upon two bales

of cotton, two work mares, and two colts. It was alleged that in order to procure that attachment Vardeman made affidavit that Pate was about to dispose of his property for the purpose of defrauding his creditors, which affidavit the petition in this suit charged was false. It was also charged that the attachment procured upon that affidavit was levied upon two work mares belonging to Pate that were exempt from forced sale, and upon two colts belonging to him. It was also alleged that that suit was afterwards dismissed, because it was made to appear that Pate did not reside in precinct No. 3 of Parker county. It was also alleged that on the day following the dismissal of the suit referred to Vardeman filed another suit, and caused a writ of attachment to be issued thereon in justice precinct No. 4 of Parker county, and caused said writ of attachment to be levied upon 600 pounds of seed cotton and 20 acres of unpicked cotton on Pate's homestead. It was alleged that in order to procure that writ of attachment Vardeman executed a bond in the sum of $200, with Isaac Grindstaff and John Lamm as sureties, both of whom were made parties to this suit. It was further alleged that that writ of attachment was unlawfully issued, because the affidavit upon which it was issued failed to state any statutory grounds for the issuance thereof, but merely stated that Pate was indebted to Vardeman and had refused to pay him, and that that writ of attachment was afterwards dismissed. The petition contained some other averments, tending to show a right to recover punitory damages, as against Vardeman, and concluded with a prayer for actual and punitory damages against him, and for actual damages against Grindstaff and Lamm, the sureties upon the attachment bond.

The defendants' answer included a general demurrer, a number of special exceptions, a general denial, and a special plea, alleging, in effect, that the plaintiff, Pate, had consented and agreed that the cotton seized under the second attachment might be sold by the constable, the latter having levied a third attachment, which Vardeman had caused to be issued in the second suit, and agreed that the proceeds of the sale should be applied to the satisfaction of the judgment which Vardeman had obtained in that suit; the excess, if any, to be paid to him (Pate).

There was a jury trial, which resulted in a verdict and judgment for the defendants, and the plaintiff has appealed, and presented the case in this court upon four assignments of error, to a consideration of which counsel for appellees object, because the assignments have not been presented in appellant's brief in the manner required by the rules regulating that subject.

[1, 2] Appellant's brief fails in several particulars to comply with the rules, and this is particularly true as to the fourth assignment, which, as pointed out in appellees' brief, is not correctly copied in appellant's brief. Appellant's brief correctly copies about two-thirds of that assignment, and substitutes, in lieu of the remainder, certain language, not contained in the assignment, and presenting questions not embraced therein. The rules require an appellant, when he presents an assignment of error, to correctly copy it in his brief, and to fail to do so, and willfully substitute something material that is not contained in the assignment, is conduct so reprehensible as to justify and require condemnation at the hands of the appellate court. However, as appellant did not prepare the brief himself, and inasmuch as a failure to consider some of the questions presented therein would result in great injustice to him, and as perhaps fundamental error is suggested, we have concluded to exercise our discretion and consider the appeal upon its merits, as was done by the Court of Civil Appeals for the Sixth district, in Mitchell v. Rushing, 55 Tex. Civ. App. 281, 118 S. W. 582.

[3] We think it is highly probable, if not absolutely certain, that the jury were misled by the court's charge, which was entirely too voluminous and prolix, and which contained positive and perhaps fundamental error in the last paragraph, wherein the jury were told that if the plaintiff was entitled to recover actual damages the defendants were entitled to have deducted from such actual damages such amount as had been paid to the plaintiff, after Vardeman's debt against the plaintiff had been discharged. That offset was available only as against the plaintiff's right to recover for the cotton alleged to have been unlawfully seized under the second writ of attachment, and the jury should not have been instructed to allow such offset as against any other claim asserted by the plaintiff.

[4] As to the procurement and levy of the second writ of attachment by the defendant Vardeman, and the execution of the attachment bond by his codefendants, it was not necessary to submit any question to the jury, except the value of the cotton so seized, which constituted the measure of actual damages in that regard, and whether or not Pate had subsequently agreed that the proceeds of the cotton should be applied to the payment of his debt to Vardeman. All the other facts necessary to entitle plaintiff to recover the value of the cotton seized under that writ were clearly established by undisputed testimony coming from both sides; and the court should not have submitted to the jury for them to find whether or not the suit was instituted by Vardeman, and whether or not he made the affidavit upon which the attachment was issued, and whether or not it was levied upon the unpicked cotton on Pate's homestead, and whether or not the other defendants had executed an attachment bond. As before said, all such matters were clearly established by

uncontroverted testimony; and the court should have instructed the jury that the writ of attachment referred to was unlawfully issued, and that the levy thereof upon the cotton referred to constituted a conversion of that property, and entitled the plaintiff to recover its value, less the amount subsequently paid to him out of the proceeds of the sale of the cotton, unless he had voluntarily consented that it might be sold, and the proceeds applied to the payment of the judgment which Vardeman had obtained against him.

[5-7] It is well settled in this state that in a suit to recover damages for unlawful seizure, under legal process, of exempt property, the plaintiff's indebtedness to the defendant cannot be offset against his right to recover damages. Craddock v. Williams, 54 Tex. 578; Cone v. Lewis, 64 Tex. 331, 53 Am. Rep. 767. Therefore, it being made to appear by clear and undisputed testimony that the second attachment was levied upon certain unpicked cotton, which was a product which had not been severed from the soil upon the plaintiff's homestead, such unsevered product was a part of the plaintiff's homestead, and its seizure under the attachment was therefore unlawful, and its severance from the soil thereafter by the constable, under the direction of Vardeman, was also unlawful; and the plaintiff had the right to treat it as a conversion of the cotton so severed and carried away, and was entitled to recover for its value, less the amount received by him from the proceeds, unless he had agreed and consented that it might be sold, and the proceeds applied to the payment of his indebtedness to Vardeman.

[8] As to the first writ of attachment, if the grounds for the attachment were not true, as alleged by Pate, he was entitled to recover at least nominal damages; but we do not hold that the case should be reversed for that reason, nor do we intimate that he was entitled to recover anything more than nominal damages on account of the issuance of that attachment. What has already been said, as to how the jury should have been instructed in reference to the second attachment, applies to the first. According to the undisputed testimony, the only questions that should have been submitted to the jury as to that attachment were as to the truth or falsity of the affidavit upon which the attachment was issued, and, in the event it was found that such affidavit was untrue, the amount of damage which plaintiff sustained by reason of its issuance and execution. Instead of pursuing that course, the court's charge submitted to the jury nearly every averment contained in the plaintiff's petition.

As to the points urged by appellant in reference to the court's charge on the subject of exemplary damages, we deem it sufficient to say that, in our opinion, the testimony did not present any question of exemplary damages, and the court should not have submitted that question to the jury; and, it not being probable that the case will be different upon another trial, we deem it unnecessary to pass upon the court's charge upon that subject.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.