PATE v. VARDEMAN et al.

(Court of Civil Appeals of Texas.    Ft. Worth. May 31, 1913.)

1. ATTACHMENT (§ 47*)—GROUNDS—SALE OF PROPERTY WITH INTENT TO DEFRAUD.

Where an attachment was issued on the ground that the debtor was about to dispose of his property to defraud his creditors, evidence, that when he was called on to pay his indebtedness to plaintiff in attachment he refused to do so and said he would not pay the debt at all if sued thereon, was admissible, whether such statement was communicated to plaintiff in attachment prior to his making affidavit therefor or not.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 120, 861–876; Dec. Dig. § 47.*]

**2. ATTACHMENT (§ 374*)—WRONGFUL ATTACHMENT—EXEMPLARY DAMAGES.**

In an action for wrongful attachment on the ground that the debtor was about to dispose of his property to defraud his creditors, evidence. that he refused to pay on demand and said he would not pay at all if sued, was admissible on the issue of his right to recover exemplary damages.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1363–1372, 1392; Dec. Dig. § 374.*]

**3. ATTACHMENT (§ 364*)—WRONGFUL ATTACHMENT—SALE OF ATTACHED PROPERTY—CONSENT—RIGHT TO DAMAGES—WAIVER.**

In a suit for wrongful attachment on exempt property, including a growing cotton crop on a homestead, the debtor's consent that the attached property might be sold and the proceeds applied to the judgment recovered against him constituted a waiver of the tort arising out of the wrongful attachment, including satisfaction of the entire trespass to the homestead.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1327; Dec. Dig. § 364.*]

**4. APPEAL AND ERROR (§ 699*)—REFUSAL OF INSTRUCTIONS—RECORD.**

Refusal of an alleged request to charge cannot be reviewed, where the record fails to show that such a request was made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2928–2930; Dec. Dig. § 699.*]

**5. APPEAL AND ERROR (§ 1068*)—EXEMPLARY DAMAGES—ACTUAL DAMAGES.**

Since exemplary damages are only recoverable where actual damages have been sustained, the court's refusal to charge on the issue of exemplary damages was not prejudicial to plaintiff, where the jury failed to find he had suffered actual damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

Appeal from District Court, Parker County; J. W. Patterson, Judge.

Action by J. B. Pate against W. H. Vardeman and others. Judgment for defendants, and plaintiff appeals. Affirmed.

J. M. Richards and Preston Martin, both of Weatherford, for appellant. Hood & Shadle, of Weatherford, for appellees.

SPEER, J. This suit was instituted by J. B. Pate against W. H. Vardeman, Isaac Grindstaff, and John Lamm to recover damages for the wrongful issuance and levy of two certain writs of attachment. The case has been once before appealed and will be found reported in 141 S. W. 317. On the last trial judgment was rendered in favor of the defendants, and the plaintiff has appealed.

[1] The first assignment is that the court erred in admitting the testimony of witnesses to the effect that appellant had refused, when called upon, to pay his indebtedness to appellee, and had said he would not pay the account at all if the appellee sued him. This evidence we think bore upon the issue that appellant was about to dispose of his property for the purpose of defrauding his creditors, and this is true whether such statement had ever been communicated to appellee

prior to his making the affidavit for the attachment. In its last analysis the question was whether or not appellant was about to dispose of his property with intent to defraud his creditors, and not whether appellee was in possession of all the evidence which would tend to establish such fact.

[2] Moreover, the evidence was admissible upon the issue of exemplary damages.

The second assignment of error is overruled because it erroneously assumes that the court instructed the jury to find that the second writ of attachment issued on December 5, 1908, was wrongful because based upon an affidavit "that Pate was indebted to him (Vardeman) and that he had refused to pay the same"; whereas, the court only submitted to the jury to find whether such attachment was wrongful because of such defective affidavit; the evidence raising such an issue.

[3] The most serious question perhaps is raised by the third assignment attacking the fourth paragraph of the court's charge, which is as follows: "If you find that after the levy was made and after the defendant herein W. H. Vardeman had recovered judgment in the justice court against said Pate, that the plaintiff herein, J. B. Pate, agreed with Sam Shadle, said Vardeman's attorney, that the cotton might be sold and the proceeds applied to the satisfaction and the discharge of said judgment and costs in favor of said Vardeman against said Pate, or consented that such might be done, and if you believe that in pursuance of said agreement said cotton was brought to Weatherford by Vardeman, or some one acting for him, and sold and the proceeds applied to the satisfaction of said judgment and costs, and that the balance of said proceeds was paid to plaintiff herein, J. B. Pate, the plaintiff herein would not be entitled to recover anything by reason of the levy and seizure of the seed cotton and cotton growing on the homestead which was levied upon by the second writ of attachment, to wit, the one issued by the justice of the peace of precinct No. 4 on or about the 5th. day of December, 1908." On the former appeal Chief Justice Key of the Court of Civil Appeals at Austin upon this point held: "The court should have instructed the jury that the writ of attachment was unlawfully issued and that the levy thereof upon the cotton referred to constituted a conversion of that property and entitled the plaintiff to recover its value less the amount subsequently paid to him out of the proceeds of the sale of the cotton, unless he had voluntarily consented that it might be sold and the proceeds applied to the payment of the judgment which Vardeman had obtained against him." The trial court appears to have followed the instruction of the appellate court in thus submitting to the jury the question of whether or not appellant had voluntarily consented to

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

a sale and application of the proceeds of the attached cotton. It is quite clear if appellant did so consent he waived his right of action for damages to recover the value of such cotton. He thus does recover its value, or at least an amount satisfactory to him. It also follows, we think, that such conduct, amounting as it does to a waiver of the trespass, carries with it satisfaction for the entire trespass to the homestead. It is difficult to conceive how this unequivocal act of waiver should be applied to a part only of appellee's trespass. We follow the induction of the Court of Civil Appeals for the Third District and hold that the charge correctly stated the law.

[4] It is next insisted that the court erred in refusing to instruct the jury to find for appellant at least nominal damages for the first writ of attachment issued November 4, 1908, and levied on two work horses shown to be exempt to the appellant, Pate. An examination of the record, however, fails to disclose that such a request was made, in the absence of which no possible error appears.

[5] The jury having failed to find any actual damages, it follows that no harm could have resulted from the court's charge in favor of appellee on the issue of exemplary damages. Vindictive damages are only recoverable where actual damages are sustained.

The sixth assignment is too general to raise any specific question and is, hence, overruled.

We find no error in the judgment, and it is affirmed.